RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Helping Hands for Dignity Coalition, a Colorado non-profit corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELPING HANDS FOR DIGNITY COALITION, a Colorado non-profit corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>ANTHONY GURKA,<br><br>          Defendant. | Case No. 25-cv-06750<br><br>**COMPLAINT FOR:**<br><br>1. **Misrepresentation, 17 U.S.C. § 512(f);**<br><br>2. **Declaration of Copyright Infringement**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Helping Hands for Dignity Coalition, a Colorado non-profit corporation ("Plaintiff" or "Helping Hands"), files this action against Anthony Gurka ("Defendant" or "Gurka") and alleges as follows:

## **INTRODUCTION**

1.    This case addresses the growing misuse of the counter-notice process under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512 *et seq*., by "reaction" channel operators who assert an unlimited version of fair use, one so overbroad that, if accepted, it would render copyright protection on YouTube meaningless.

2.    A rising class of YouTube creators has built profitable channels on wholesale appropriation of others' copyrighted works, contributing little or nothing in the way of genuine transformation. Their videos often consist of lengthy, unaltered segments of original creators' footage, broken up by occasional remarks, sound effects, or memes, and are then monetized through YouTube's Partner Program under the mantra of "fair use."

3.    While courts have upheld some reaction videos as fair use, those rulings emphasize frequent commentary, structured critique, and a transformative purpose. In contrast, many "mockumentary-style" infringers splice original footage with token interjections meant to ridicule, not analyze, stacking multiple acts of infringement as if that alone transforms the work. If this overbroad interpretation of fair use were accepted, it would effectively nullify copyright enforcement on YouTube: any user could repost entire videos, add a few quips or visual effects, and claim immunity. Such a precedent would strip creators of meaningful control over their work, undermine YouTube's enforcement system, and incentivize large-scale monetization of stolen content.

4.    This erosion of copyright protections has been fueled, in part, by systematic abuse of the DMCA's counter-notice process. When copyright owners like Helping Hands submit takedown notices under 17 U.S.C. § 512(c), reaction channel operators frequently respond with boilerplate counter-notices under § 512(g), swearing under penalty of perjury that their uploads are protected by fair use.

**COMPLAINT**

5.     In this case, Helping Hands' takedown notices included a detailed, timestamped video map identifying each segment of Plaintiff's footage used in the infringing videos and the exact duration of each use.

6.     Defendant Anthony Gurka, acting for the YouTube channel "BlackHartKnight @BlackHartKnight" ("BlackHartKnight" and the "BlackHartKnight Channel"), ignored this evidence entirely. Instead of addressing or disputing the timestamps, he submitted two identical counter-notices (the "Counter-Notices") seeking to have the infringing videos restored to the BlackHartKnight Channel. A copy of the Counter-Notices are attached hereto as Exhibit A.

7.     These Counter-Notices, which covered two separate videos (the "Infringing Videos"), made sweeping claims, under penalty of perjury, that the works were "completely transformed" into unique creations "not to be confused with the original" and therefore categorically protected by fair use.

8.     Gurka's identical language in both Counter-Notices demonstrates a cookie-cutter approach, not a genuine, individualized fair use analysis. Rather than evaluate the actual footage used, he relied on a one-size-fits-all legal script untethered from the content at issue.

9.     As detailed below, these Counter-Notices are materially false and were knowingly submitted to manipulate YouTube's copyright enforcement process.

10.     Plaintiff brings this action under 17 U.S.C. § 512(f) to hold Gurka accountable for knowingly and materially misrepresenting the legal basis of the Counter-Notices and to ensure the permanent removal of the infringing Videos from the BlackHartKnight Channel.

## JURISDICTION AND VENUE

11.     This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and includes a claim for Declaratory Relief under 28 U.S.C. § 2201.

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**COMPLAINT**

13.     This Court has personal jurisdiction over Gurka because he purposefully directed his conduct toward this District by submitting the Counter-Notices to YouTube, a company headquartered in this District, knowing that the alleged infringement dispute would be processed, reviewed, and acted upon here. Gurka knew or should have known that YouTube's copyright enforcement operations occur primarily in the Northern District of California, and that YouTube would rely on his sworn statements in determining whether to reinstate the videos at issue. By initiating the counter-notice process under 17 U.S.C. § 512(g), Gurka purposefully caused effects in this District sufficient to establish specific personal jurisdiction.

14.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District, including YouTube's reliance on the false Counter-Notices to reinstate the infringing content if Helping Hands did not initiate this action.

## PARTIES

15.     Helping Hands is a Colorado non-profit corporation and the sole owner of the copyrights in the videos published on the YouTube channel "Regan Benson" (@ReganBenson) (the "Regan Benson Channel").

16.     Gurka is an individual purportedly living in Florida who claims in the Counter-Notices that he operates the BlackHartKnight Channel.

17.     The BlackHartKnight Channel is a textbook example of an anonymous "reaction" channel—that is, a channel that creates no original content of its own (or very little in this case), but instead lifts copyrighted footage from others, overlays superficial or token commentary, and attempts to pass it off as transformative. Gurka never appears on camera, and does not create any video footage to add to the "reaction" videos. The channel's anonymity has served as both sword and shield, permitting targeted harassment of real creators while shielding the actual operator from liability

18.     Gurka claims that the BlackHartKnight Channel's "mission is to expose Frauditors, Sovereign Citizens & their incomprehensible diction…" In reality, the

**COMPLAINT**

1   BlackHartKnight Channel exists to monetize stolen footage from those very same people.

2   It is not commentary. It is copyright infringement disguised as fair use, wrapped in a mask

3   of moral outrage.

### FACTUAL ALLEGATIONS

4

5   19.    YouTube is the largest video-sharing platform in the world and operates under

6   the framework established by the DMCA.

7   20.    The DMCA provides a process by which copyright owners may request the

8   removal of infringing content through a notice-and-takedown mechanism. If the platform

9   receives a valid takedown notice, it typically disables access to the allegedly infringing

10  material.

11  21.    The statute also gives the alleged infringer a way to respond: a counter-

12  notification claiming the use is authorized, lawful, or otherwise non-infringing. If the

13  copyright owner does not file a federal lawsuit within 10 business days of receiving a

14  counter-notice, YouTube must restore access to the disputed content. 17 U.S.C. § 512(g).

15  22.    This framework shifts the burden onto copyright owners, often small creators

16  or publishers, to file suit quickly or see their work reposted.

17  23.    Infringers exploit this imbalance, especially anonymous, monetized

18  "reaction" channels, by filing boilerplate counter-notices designed to intimidate rights

19  holders into dropping the matter.

20  24.    In practice, this loophole allows such channels to continue monetizing stolen

21  content while hiding behind the mantra of "fair use," even where their videos consist

22  largely of unaltered footage from original creators.

23  25.    Over time, "fair use" has become a catchall excuse on YouTube, not to

24  support legitimate critique or commentary, but to justify wholesale misappropriation and

25  monetization of others' work without meaningful transformation.

26  26.    In the context of this Complaint, the term "Auditor" refers to independent

27  content creators who record interactions with government officials in public spaces to

28  promote transparency, document public conduct, and assert constitutional rights,

**COMPLAINT**

particularly those protected by the First Amendment. These creators act as citizen journalists, watchdogs, and public advocates, often filming police encounters, public meetings, and other matters of public interest, and then publishing that footage online, most prominently on YouTube.

27.    The Auditor movement has grown into a visible force on social media, drawing millions of subscribers and billions of views. Many operate under pseudonyms but have become well-known within the digital civil rights space.

28.    One such Auditor is Regan Benson, an activist and content creator who regularly films interactions with public officials, government employees, and law enforcement officers in the course of her advocacy work. She posts these recordings to her YouTube channel, where they serve both as a record of public conduct and as a tool to promote government transparency and accountability. Benson's work is part of the broader Auditor movement and has attracted a dedicated audience interested in constitutional rights, public oversight, and civil liberties.

29.    In response to the popularity of Auditors like Benson, a genre of YouTube creators known as "Auditor Trolls" has emerged. These channels purport to critique Auditor content, but their focus is ridicule rather than substantive analysis. Cloaked in the trappings of commentary, these videos rely heavily on insult, mockery, and misrepresentation rather than meaningful critique or transformative discussion.

30.    The BlackHartKnight Channel is a textbook example. It provides no new message, insight, or purpose. Instead, it repackages Helping Hands' footage with occasional ridicule to attract viewers and generate ad revenue, while creating little original content of its own.

31.    Most BlackHartKnight videos are assembled from Auditors' footage downloaded in violation of YouTube's Terms of Service and federal law.

32.    The additions rarely address the subject matter or journalistic value of the original works. Instead, they mock Auditors personally and divert viewers from the original content.

**COMPLAINT**

33.    The BlackHartKnight Channel has repeatedly used Plaintiff's copyrighted works without permission.

### *Video 1 – Little Miss Banshee Regan Benson Arrested!*

34.    On or about May 25, 2023, Gurka posted a video titled *Little Miss Banshee Regan Benson Arrested!* to the BlackHartKnight Channel ("BlackHartKnight Video 1").[1]

35.    BlackHartKnight Video 1 contains approximately 16 minutes and 7 seconds of footage from Plaintiff's video titled *IN ENGLEWOOD – ON A MISSION* that was posted to the Regan Benson Channel on May 24, 2025.[2]

36.    Based upon information and belief, Gurka obtained this footage from the Regan Benson Channel in violation of YouTube's Terms of Services and in violation of federal law.

37.    BlackHartKnight Video 1 contains eight uninterrupted segments of Helping Hands' footage, each exceeding one minute in length, with absolutely no commentary or transformation. These segments run for 1:10, 1:17, 1:18, 1:39, 1:46, 1:55, 2:07, and 3:45.

38.    The minimal commentary that does exist in BlackHartKnight Video 1 consists mainly of narration, insults, and superficial asides, offering no substantive critique or analysis. Out of the 16 minutes and 7 seconds of Helping Hands' footage used, the overwhelming majority is presented without meaningful transformation, serving primarily as unaltered entertainment for Gurka's audience.

39.    This wholesale re-use is far outside the bounds of what courts have found permissible in "reaction" or "commentary" videos. Gurka's channel operates under the mistaken belief—shared by many "reaction" channels—that any amount of commentary somewhere in a video transforms *all* of the copied footage, regardless of length or

---

[1] https://www.youtube.com/watch?v=CYNaorf9gy4&t=191s

[2] https://www.youtube.com/watch?v=7YneFuK7hgs

**COMPLAINT**

placement. This lawsuit seeks to correct that misinterpretation and reaffirm that fair use has limits.

### *Video 2 – Frauditor Goes Off The Deep End! - YouTube*

40.    On September 26, 2022, Gurka posted *Frauditor Goes Off the Deep End - YouTube!* ("BlackHartKnight Video 2")[3], containing footage from Plaintiff's June 22, 2022 video *Look at this CSP A-hole*.[4]

41.    BlackHartKnight Video 2 contains three extended segments of Plaintiff's footage—2:38, 0:49, and 3:00—for a total of 6 minutes, 27 seconds of uninterrupted use without commentary or transformation.

42.    The minimal commentary in BlackHartKnight Video 2 consists of ***46 seconds*** before the second block of unaltered footage and 17 seconds before the third, and is rarely connected to the substance of the copied material.

43.    As with BlackHartKnight Video 1, Gurka's approach reflects the same overbroad "any commentary is fair use" misconception. Long stretches of unaltered footage are left intact, with superficial remarks inserted elsewhere in the video, as if such scattered commentary could transform the entire work.

### *The Takedowns and FALSE Counter-Notices*

44.    On August 4, 2025, Helping Hands submitted two DMCA takedown notices to YouTube under 17 U.S.C. § 512(c), identifying the Infringing Videos. Each takedown included a detailed, timestamped video map showing the exact segments and durations of Helping Hands' footage used.

45.    YouTube complied and removed the Infringing Videos.

---

[3] https://www.youtube.com/watch?v=eTY1XMPq0Uo

[4] https://www.youtube.com/live/HmVDpXFr5CY

**COMPLAINT**

46.    On or about August 7, 2025, Gurka submitted two identical counter-notices to YouTube pursuant to 17 U.S.C. § 512(g)(3). Each counter-notice included the following sworn statement:

> The video should be reinstated because it falls under The Fair Use Doctrine. Furthermore, YouTube cannot determine what is Fair Use and what is not, only a duly appointed Judge can make that determination. In accordance with The Fair Use Doctrine, YouTube creators are legally permitted to create this type of video. Moreover, the YouTube Channel "BlackHartKnight", is a commentary channel, providing satirical reviews of videos by 1st Amendment auditors as well as others, adding voice commentary, memes and sound effects to completely transform the original work into a Fair Use Video. Consequently, the video in question, falls under Fair Use due to use of criticism, review, caricature, satire and parody. In addition, the original content was transformed into a unique work, not to be confused with the original video. As a result of this false copyright claim, it appears the only way to settle this matter is in a court of law, to litigate the erroneous charge lodged by the claimant. Please forward this counter notification to the claimant so he may take the appropriate action. Thank you.

> I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

47.    These counter-notices ignored the timestamped maps entirely, offered no analysis of the actual footage used, and instead repeated the same boilerplate assertions—including that the content was "completely transformed" and "not to be confused with the original video."

48.    Gurka's Counter-Notices also misstate the applicable legal standard for fair use. In justifying his conduct, Gurka asserted that the original content was "transformed

**COMPLAINT**

into a unique work, not to be confused with the original video." That is a *trademark* concept, akin to "likelihood of confusion," and has no place in determining copyright liability. In copyright law, the issue is not whether viewers can tell the works apart, but whether the accused work usurps the market for the original or constitutes a permissible transformative use. Gurka's reliance on an irrelevant and incorrect legal test, coupled with his boilerplate and absolute claims that such videos are "legally permitted" under the Fair Use Doctrine, demonstrates a reckless disregard for the truth of his sworn statements that the videos were non-infringing.

49.     The Counter-Notices were part of a coordinated scheme to preserve monetized infringing content. Gurka submitted the false Counter-Notices under penalty of perjury as required by 17 U.S.C. § 512(g).

50.     Plaintiff now seeks damages, attorneys' fees, declaratory and injunctive relief for Gurka's material misrepresentations in the Counter-Notices submitted to YouTube.

## FIRST CAUSE OF ACTION

### Misrepresentation in Counter-Notifications under the DMCA
### (17 U.S.C. § 512(f))

51.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 50.

52.     Section 512(f)(2) of the Copyright Act provides, in relevant part, that "***any person*** who knowingly materially misrepresents under this section . . . that material was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner…who is injured by such misrepresentation..." (emphasis added).

53.     Despite swearing under penalty of perjury, Gurka's Counter-Notices contained boilerplate assertions and legal misstatements that were knowingly false when made.

**COMPLAINT**

54.    Gurka's Counter-Notices to YouTube falsely represented, among other things: (a) that the videos "fall" under the "Fair Use Doctrine" as if this were a categorical rule permitting the creation of "this type of video"; (b) that the videos were "completely transformed" into a unique work "not to be confused with the original video" — a trademark concept irrelevant to copyright law; (c) that the use was protected as "criticism, review, caricature, satire and parody" despite multiple uninterrupted segments of Plaintiff's footage with no commentary at all; (d) that the original content was altered with "voice commentary, memes and sound effects" when large portions of the works contained none of these elements; and (e) that he had a good faith belief the videos were removed "due to a mistake or misidentification" when, in fact, the videos contained wholesale, unaltered portions of Helping Hands' works.

55.    These representations were materially false. Gurka repeated them verbatim in multiple Counter-Notices for different videos, demonstrating that he was not conducting any individualized fair use analysis before swearing to them under penalty of perjury.

56.    Gurka made these misrepresentations knowingly, with the purpose of forcing YouTube to reinstate infringing content and to continue monetizing the BlackHartKnight Channel.

57.    As a direct result of Gurka's material misrepresentations, Plaintiff was forced to initiate this action to prevent the reinstatement of the infringing videos and to secure their removal from the BlackHartKnight Channel. Plaintiff is entitled to recover damages, costs, and attorneys' fees under 17 U.S.C. § 512(f).

58.    Plaintiff is further entitled to injunctive relief requiring YouTube or its agents to remove the infringing videos from the BlackHartKnight Channel and to prevent their re-upload.

**COMPLAINT**

**SECOND CAUSE OF ACTION**

**Declaration of Copyright Infringement, 28 U.S.C. § 2201**

59.   Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 58.

60.   An actual and justiciable controversy exists between Plaintiff and Gurka concerning the BlackHartKnight Channel's use of the Infringing Videos.

61.   Plaintiff contends that the BlackHartKnight Channel's use of the Infringing Videos is not protected under 17 U.S.C. § 107.

62.   Gurka asserts that his use of the Infringing Videos is protected by 17 U.S.C. § 107 as he stated in the Counter-Notifications.

63.   Plaintiff seeks a judicial declaration under 28 U.S.C. § 2201 that the BlackHartKnight Channel's use of the Infringing Videos is not protected by 17 U.S.C. § 107.

64.   Plaintiff also seeks an injunction restraining YouTube from restoring the Infringing Videos to the BlackHartKnight Channel.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Helping Hands for Dignity Coalition, a Colorado non-profit corporation, prays for judgment against Gurka as follows:

A.   That judgment be entered in favor of Plaintiff and against Gurka for monetary damages caused by his knowing material misrepresentations in the Counter-Notices pursuant to 17 U.S.C. § 512(f);

B.   That the Court enter a declaratory judgment that the BlackHartKnight Channel's use of the Infringing Videos is not protected by 17 U.S.C. § 107;

C.   A permanent injunction enjoining the BlackHartKnight Channel and any related channel from further use of the Infringing Videos;

D.   An award of attorneys' fees and costs pursuant to 17 U.S.C. § 512(f)(2);

E.   Any other relief the Court deems just and proper.

**JURY TRIAL DEMANDED**

COMPLAINT

Dated:  August 11, 2025

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Helping Hands for Dignity Coalition, a Colorado*
*non-profit corporation*

**COMPLAINT**

**TheDMCALawyer@gmail.com**

| | |
|---|---|
| **From:** | YouTube Copyright <youtube-disputes+1qytjm3spwy1u0h@google.com> |
| **Sent:** | Thursday, August 7, 2025 4:27 AM |
| **To:** | thedmcalawyer@gmail.com |
| **Subject:** | Re: [7L7GGXOBCTZ2BP25LZLRYMNEYA] New Copyright Counter Notification |
| | |
| **Flag Status:** | Flagged |



We received a counter notification (below) in response to a copyright removal request that you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have **10 US business days** to reply to this counter notification. Your response **must include evidence that you've taken legal action against the uploader** to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

**Evidence should be submitted by replying directly to this email**. Do not send your reply to copyright@youtube.com.

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our Help Center.

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

- http://www.youtube.com/watch?v=CYNaorf9gy4

Display name of uploader: BlackHartKnight

The video should be reinstated because it falls under The Fair Use Doctrine. Furthermore, YouTube cannot determine what is Fair Use and what is not, only a duly appointed Judge can make that determination. In accordance with The Fair Use Doctrine, YouTube creators are legally permitted to create this type of video. Moreover, the YouTube Channel "BlackHartKnight", is a commentary channel, providing satirical reviews of videos by 1st Amendment auditors as well

EXHIBIT A - Page 1 of 4

as others, adding voice commentary, memes and sound effects to completely transform the original work into a Fair Use Video. Consequently, the video in question, falls under Fair Use due to use of criticism, review, caricature, satire and parody. In addition, the original content was transformed into a unique work, not to be confused with the original video. As a result of this false copyright claim, it appears the only way to settle this matter is in a court of law, to litigate the erroneous charge lodged by the claimant. Please forward this counter notification to the claimant so he may take the appropriate action. Thank you.

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Anthony Gurka

Anthony Gurka
121 Coleman Rd. apt A3
Crawfordville, Florida 32327
United States

bender01012000@gmail.com

(850) 879-0107

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.



© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

**TheDMCALawyer@gmail.com**

| | |
|---|---|
| **From:** | YouTube Copyright <youtube-disputes+3r5e6x2fjj0d20h@google.com> |
| **Sent:** | Thursday, August 7, 2025 4:26 AM |
| **To:** | thedmcalawyer@gmail.com |
| **Subject:** | Re: [2YAF72FKEXRBRXW542GEU7DCAU] New Copyright Counter Notification |
| | |
| **Flag Status:** | Flagged |



We received a counter notification (below) in response to a [copyright removal request](#) that you submitted. A counter notification is a legal request for YouTube to reinstate a video that was removed due to a copyright removal request.

You have **10 US business days** to reply to this counter notification. Your response **must include evidence that you've taken legal action against the uploader** to keep the content from being reinstated to YouTube. Usually, evidence would include a lawsuit against the uploader, which names the YouTube URL(s) at issue and seeks a court order to restrain the alleged infringement.

**Evidence should be submitted by replying directly to this email**. Do not send your reply to copyright@youtube.com.

After 10 US business days, if we don't get a response from you, the content at issue may be reinstated to YouTube. You can find more information about the legal action you must take and what evidence is acceptable in our [Help Center](#).

- The YouTube Team

Counter Notification as follows:

Videos included in counter notification:

- http://www.youtube.com/watch?v=eTY1XMPq0Uo

Display name of uploader: BlackHartKnight

The video should be reinstated because it falls under The Fair Use Doctrine. Furthermore, YouTube cannot determine what is Fair Use and what is not, only a duly appointed Judge can make that determination. In accordance with The Fair Use Doctrine, YouTube creators are legally permitted to create this type of video. Moreover, the YouTube Channel "BlackHartKnight", is a commentary channel, providing satirical reviews of videos by 1st Amendment auditors as well

as others, adding voice commentary, memes and sound effects to completely transform the original work into a Fair Use Video. Consequently, the video in question, falls under Fair Use due to use of criticism, review, caricature, satire and parody. In addition, the original content was transformed into a unique work, not to be confused with the original video. As a result of this false copyright claim, it appears the only way to settle this matter is in a court of law, to litigate the erroneous charge lodged by the claimant. Please forward this counter notification to the claimant so he may take the appropriate action. Thank you.

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Anthony Gurka

Anthony Gurka
121 Coleman Rd.
Crawfordville, FL 32727
United States

bender01012000@gmail.com

(850) 879-0101

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.



© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066