Steven C. Vondran, Esq. [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
One Sansome Street, Suite 3500
San Francisco, California 94104
Telephone: (877) 276-5084
steve@vondranlegal.com

Attorney for Defendant ANTHONY GURKA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELPING HANDS FOR DIGNITY COALITION, a Colorado non-profit corporation<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ANTHONY GURKA,<br><br>　　　　Defendants. | No. 5:25-cv-06750-WHO<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT.** |

COMES NOW MR. ANTHONY GURKA ("DEFENDANT") submitting this Answer and affirmative defenses to Plaintiffs complaint:

1. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

2. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

3. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

4. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

5. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

6. Defendant denies "ignoring evidence" and lacks sufficient knowledge to admit or deny the remainder of this paragraph and on that basis denies the allegations in Paragraph.

7. Admit fair use applies to this case

8. Deny

9. Admit

10. Defendant admits, but Plaintiff is only seeking declaratory judgment to recover attorney fees, this claim is duplicative of the copyright infringement claim and is subject to dismissal.

11. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

12. Admit

13. Deny, Defendant lives in Florida and has no minimum contacts with California.

14. Denied

15. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

16. Admit

17. Deny

18. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

19. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

20. Admit

21. Admit

22. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

23. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

24. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

25. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

26. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

27. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

28. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

29. Defendant lacks sufficient knowledge to admit or deny and on that basis

denies the allegations in Paragraph.

30. Deny

31. Deny

32. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

33. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

34. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

35. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

36. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

37. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

38. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

39. Deny

40. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

41. Defendant lacks sufficient knowledge to admit or deny and on that basis

denies the allegations in Paragraph.

42. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

43. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

44. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

45. Admit

46. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

47. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

48. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

49. Deny

50. Deny

51. N/A

52. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

53. Deny

54. Defendant lacks sufficient knowledge to admit or deny and on that basis

denies the allegations in Paragraph.

55. Deny

56. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegations in Paragraph.

57. Deny

58. Deny

59. N/A

60. Deny

61. Admit that is their belief, but deny liability

62. Admit, Plaintiff can use his copyright claim, and does not need this duplicative claim that only seeks to obtain attorney fees.

63. Deny and this duplicative claim is not proper

64. Admit Plaintiff is seeking injunction, but deny they are entitled to such.

PRAYER FOR RELIEF – Defendant denies liability and denies that Plaintiff is entitled to any relief sought against him in section (A) through (E). Defendant seeks a bench trial and attorney fees and costs under the copyright law.

WHEREFORE, defendants pray for judgment as follows:
1. For judgment in favor of defendants and against plaintiff, dismissing plaintiff's Complaint with prejudice; and declaring Defendant is not an infringer of Plaintiff's Works, and is the prevailing party to this action.
2. For all costs incurred herein;
3. For attorney's fees as prevailing party;

4. For such further relief as the Court in its discretion deems just, equitable and proper.

5. Defendant seeks a bench trial.

## AFFIRMATIVE DEFENSES

Further, Defendant asserts the following affirmative defenses, while denying all allegations set forth in the complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Duplicative Causes of Action – Failure to State of Claim for Declaratory Judgement)

Plaintiff may not seek a double recovery by seeking Declaratory Judgment. This claim merges with the copyright infringement action.

### SECOND AFFIRMATIVE DEFENSE
### (Authorization and Consent)

Defendants are informed and believe and thereon allege that plaintiff routinely allows their videos to be downloaded off their YouTube channel and allow many other Parties to use their clips (as creators often do) as long as they are friendly and not critical.

### THIRD AFFIRMATIVE DEFENSE
### (Uncopyrightable Content/Scenes-a-fair)

Plaintiff creates and distributes nothing more than routine police footage. This includes routine videos of cops interacting with the public with an auditor-instigator seeking to record the video. Common items such as police cars, officer badges, cop uniforms and other content in these videos is not unique and not subject to copyright protection, or at the minimum constitutes "thin" copyright.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate their damages and have waited around for monetization profits to rack-up before filing suit. They cannot recover damages which could have been preventable.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Fair Use Defense)

Plaintiff's claims are barred by the fair use defense 17 U.S.C. 107.  Applying the four factors, Defendants use falls squarely within fair use rights.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good faith)

Plaintiff's claims are barred since Defendant has at all times acted in good faith and never with bad faith or willful intent to injure Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred since they failed to consider fair use rights before filing their takedown notice, and filing this cause of action for misrepresentation.

**RESPECTFULLY SUBMITTED**

DATED this 10th day of October, 2025.

**THE LAW OFFICES OF STEVEN VONDRAN, P.C.**

By /s/ SteveVondran
Steven C. Vondran, Esq.
*Attorneys for Defendant*
One Sansome Street, Suite 3500
San Francisco, California  94104
steve@vondranlegal.com

## CERTIFICATE OF SERVICE

**ORIGINAL** of the foregoing *e-filed* this

10th  day of October 2025, to all registered ECF users:

Attorney for Plaintiff
Randall Newman, Esq.
99 Wall Street, Suite 3727
New York, NY 10005
rsn@randallnewman.net


   Executed on October 10*, 2025,* at Flagstaff, AZ

                              By:   */s/     Lisa Vondran*_____
                                       Lisa Vondran, Assistant