1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

HELPING HANDS FOR DIGNITY
COALITION, a Colorado non-profit
corporation,

        Plaintiff,

  vs.

ANTHONY GURKA,

       Defendant.

Case No. 25-cv-06750-WHO

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

**Date:**  **November 18, 2025**
**Time:**  **2:00 p.m.**
**Place:**  **Videoconference**
**Judge:**  **Hon. William H. Orrick**

Pursuant to the Standing Order for All Judges of the Northern District of California, this Court's August 14, 2025 (ECF No. 5) Order, Federal Rule of Civil Procedure 16 and Civil L.R. 16-9, the parties to the above-entitled action jointly submit this Joint Case Management Statement & Proposed Order.

## I.     JURISDICTION & SERVICE

The parties agree that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

The parties further agree that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), as a substantial portion of the events giving rise to the claims occurred here and the relevant conduct was directed toward this District through the use of YouTube's U.S.-based servers and DMCA processes.

Defendant has consented to personal jurisdiction in this District by filing an Answer (ECF No. 8) without first filing a Rule 12(b)(2) motion. Under Fed. R. Civ. P. 12(h)(1), any objection to personal jurisdiction has therefore been waived. In any event, Defendant purposefully directed his conduct toward this District by submitting counter-notifications to YouTube, a company headquartered in San Bruno, California, with knowledge that the DMCA dispute would be processed and acted upon here.

## II.     FACTS

### A.     Plaintiff's Statement of Facts

Plaintiff Helping Hands for Dignity Coalition ("Helping Hands") is a Colorado non-profit organization that owns and produces documentary-style videos on the Regan Benson YouTube channel. These works document public interactions to promote transparency and civil rights education. Defendant Anthony Gurka operates the YouTube channel *BlackHartKnight*, a satirical commentary channel that republishes large quantities of other creators' content while adding minimal, often derisive narration. His format consists largely of lengthy, uninterrupted stretches of copied footage punctuated by brief insults, bleeped language, and trivial asides, not substantive critique.

On May 25 and September 26 of 2023, Gurka uploaded two infringing videos titled *Little Miss Banshee Regan Benson Arrested!* and *Frauditor Goes Off the Deep End*. Each used extensive portions of Plaintiff's copyrighted works without authorization. The first video contained approximately 16 minutes and 7 seconds of Plaintiff's footage, representing about 75% of the video's total runtime, including eight uninterrupted blocks lasting up to 3 minutes and 45 seconds. The second contained 6 minutes and 27 seconds of unaltered Plaintiff footage, comprising roughly 89% of the total runtime. In both, Gurka's "commentary" accounted for only a few scattered voiceovers, together amounting to less than 10–25% of each video, and provided no analysis, context, or new message.

On August 4, 2025, Helping Hands submitted two DMCA takedown notices to YouTube pursuant to 17 U.S.C. § 512(c). Each notice included a timestamped video map identifying precisely which segments were copied. YouTube reviewed the evidence and removed both infringing videos. Three days later, on August 7, 2025, Gurka submitted two identical DMCA counter-notifications, repeating boilerplate assertions that the videos were "completely transformed" and "not to be confused with the original," and claiming blanket protection under fair use. Both counter-notices were sworn under penalty of perjury but contained no reference to the timestamps or actual content at issue. They also relied on the wrong legal standard, invoking a *trademark-style* "confusion" test rather than the four statutory fair-use factors. Gurka admitted that he filed the counternotices to avoid having his channel terminated. Gurka also listed a mailing address belonging to a property that had burned down more than a year earlier in an effort to evade service of process.

Plaintiff contends that these counter-notifications were knowingly false and materially misleading, designed to manipulate YouTube's automated reinstatement process and preserve monetized infringing content. Accepting Defendant's interpretation of fair use, that wholesale copying of 80–90 percent of a work can be "completely transformed" by scattered mockery, would fundamentally alter copyright law and collapse the fair-use doctrine into a blanket immunity for plagiarism. No court has endorsed such

an extreme position. Plaintiff therefore seeks damages and declaratory relief confirming that Defendant's uses are not protected under 17 U.S.C. § 107.

### B.    Defendant's Statement of Facts

On or around September 25th 2022 defendant watched a video that was produced by the Regan Benson YouTube Channel, the title of which he cannot recall. He became immediately disturbed by the conduct of the channel owner as she was screaming at the law enforcement officers in the video for ignoring her. Defendant edited the video replacing the vulgar language with censor bleeps to make it more watchable for his audience. He placed commentary in two sections of the video questioning her motivations and inquiring as to her mental stability, reacting to her bizarre conduct. He also made other substantial transformative edits to his video, creating an entirely new genre of content. The bottom line is that Defendant is being sued for creating videos that comment and criticize and parody the original content. This is protected by the fair use laws under the copyright act. The content is transformed into a new product, which attracts a different audience (one that likes to see the original content made fun of, or, reaction videos as they call it. The original content is factual in nature and subject to only thin copyright protection. There is no affect that can be shown to Plaintiff's market for the original content.

Given the reasonable and honest belief (which is supported by the facts), there is no "BAD FAITH" in filing a counternotice as opposed to having his channel taken down, to dispute the takedowns issued by Plaintiff. Applying all four factors of the fair use analysis, Defendant is not liable for infringement, much less "bad faith counternotice" under 17 U.S.C. 512(f). This is a simply a baseless claim and this lawsuit has no merit.

## III.    LEGAL ISSUES

1.    Whether Defendant's use of Plaintiff's copyrighted video content constitutes fair use under 17 U.S.C. § 107.

2.    Whether Defendant's DMCA counter-notifications contained material misrepresentations in violation of 17 U.S.C. § 512(f).

3.      Whether Plaintiff is entitled to damages, injunctive relief, or attorneys' fees under the Copyright Act or the DMCA.

4.      Whether Defendant can be held liable for bad faith counternotice when the fair use factors are in his favor?

5.      Whether Defendant should be declared the prevailing party to this lawsuit and entitled to recover their costs and attorney fees.

## IV.    MOTIONS

No motions are currently pending or anticipated at this time.

## V.    AMENDMENT OF PLEADINGS

Defendant's October 10, 2025 Answer (ECF No. 8) was styled as a response to a "First Amended Complaint," but no such pleading has been filed in this action. The operative pleading remains the original Complaint filed on September 30, 2025 (ECF No. 1).

At this time, no amendments are anticipated. Plaintiff reserves the right to seek leave to amend if discovery reveals additional misrepresentations, counter-notifications, or related conduct that should be addressed in this proceeding.  Defendant reserves there rights in the same regard.

## VI.    EVIDENCE PRESERVATION

The parties certify that they have reviewed the ESI Guidelines, and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

The parties do not anticipate any issues concerning evidence preservation at this time but will promptly raise any disputes with the Court if they arise.

## VII.        DISCLOSURES

Plaintiff and Defendants will have served their Rule 26(a) Initial Disclosures prior to the Initial Conference.

## VIII.        DISCOVERY

No discovery has been conducted to date. The parties have discussed the scope of anticipated discovery and agree that discovery should proceed in accordance with the Federal Rules of Civil Procedure and this Court's local rules.

Given the limited volume of electronically stored information (ESI) anticipated, the parties do not presently expect to require e-discovery vendors, formal search protocols, or specialized review platforms. The parties will cooperate in good faith to exchange relevant materials in native or reasonably usable format and will meet and confer regarding a stipulated E-Discovery Order if the need arises.

No discovery disputes have been identified at this time.

## IX.        CLASS ACTION

This is not a class action.

## X.        RELATED CASES

There are no related cases.

## XI.        RELIEF

### A.    Plaintiff's Position

Plaintiff seeks relief under 17 U.S.C. § 512(f) for Defendant's knowing and material misrepresentations in DMCA counter-notifications submitted to YouTube on or about August 7, 2025. Specifically, Plaintiff requests (1) actual damages caused by the misrepresentations, including expenses and attorney's fees incurred to prevent reinstatement of infringing videos; and (2) a declaratory judgment under 28 U.S.C. § 2201 confirming that Defendant's use of Plaintiff's copyrighted works does not constitute fair use under 17 U.S.C. § 107; and (3) injunctive relief restraining Defendant from further use, publication, or republication of Plaintiff's copyrighted videos at issue.

### B.    Defendants' Position:

Plaintiff should take nothing, and Defendant should be declared the prevailing party and entitled to recover its costs and attorney fees.

**XII.         SETTLEMENT AND ADR**

Pursuant to ADR Local Rule 3-5, the parties have reviewed the ADR Handbook, discussed it with their counsel, and come to the following conclusions:

**A.        Plaintiff's Position:** Plaintiff may be open to mediation only after the Court resolves summary judgment on Defendant's asserted fair-use defense. The ADR Handbook itself recognizes that alternative dispute resolution "may not be useful when a party seeks to establish precedent," and that is precisely the case here. Plaintiff's objective is to obtain judicial clarification of the boundaries of fair use on YouTube, particularly where Defendant's position, allowing wholesale copying, monetization, and ridicule of another's work under the banner of "reaction," would, if accepted, eviscerate copyright protection and invite large-scale content theft. This case therefore serves a public and precedential purpose beyond private settlement value. Given these circumstances, early ADR would likely waste judicial and party resources until the core legal questions are resolved.

**B.        Defendant's Position:**

Defendant has sought to engage in settlement discussions and is open to an early settlement conference before the court on a zoom call.  There is no reason a case like this should have to result in a yearlong litigation.  There is no bad faith, and none will be provable.

**XIII.        CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The case has not been assigned to a magistrate for discovery or any other purpose.

**XIV.        OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation. Plaintiff does not believe that this case is suitable for binding arbitration because of the fair use issue. Defendant is open to binding arbitration.

**XV.        NARROWING OF ISSUES**

The parties do not believe that it is possible to narrow the issues at this time.

**XVI.      EXPEDITED TRIAL PROCEDURE**

The parties do not believe that his case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

**XVII.      SCHEDULING**

| Event | Proposed Deadline |
|---|---|
| Completion of Fact Discovery | July 31, 2026 |
| Expert Disclosures | August 31, 2026 |
| Completion of Expert Discovery | September 30, 2026 |
| Deadline for Dispositive Motions | October 31, 2026 |
| Pretrial Conference | February 2027 |
| Bench Trial (Estimated 1 day) | March 2027 |

**XVIII.      TRIAL**

The parties consent to a bench trial (estimated 1 day).

**XIX.      DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff has filed the required certification; no non-party interested entities other than Google LLC (YouTube) may be implicated.

**XX.      PROFESSIONAL CONDUCT**

Counsel have reviewed the Guidelines for Professional Conduct and will comply.

**XXI.      OTHER**

By signing this Joint Case Management Statement and [Proposed] Order, the counsel for each party listed below concur in its filing.

Dated: November 12, 2025

s/ Randall S. Newman
Randall S. Newman, Esq. (190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Helping Hands for Dignity Coalition, a Colorado*
*non-profit corporation*

Dated: November 12, 2025

/s/ Steve Vondran
Steven C. Vondran, Esq. (232337)
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
(949) 945-8700
steve@vondranlegal.com

*Attorney for Defendant,*
*Anthony Gurka*

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

1

**CASE MANAGEMENT ORDER**

2    The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

3    approved as the Case Management Order for this case and all parties shall comply with its

4    provisions. [In addition, the Court makes the further orders stated below:]

5

6

7    IT IS SO ORDERED.

8

9    Dated:

_____

10    WILLIAM H. ORRICK, UNITED DISTRICT

11    DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28