RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Helping Hands for Dignity Coalition*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELPING HANDS FOR DIGNITY COALITION, a Colorado non-profit corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY GURKA,<br><br>　　　　Defendant. | Case No. 25-cv-06750-WHO<br><br>**HON. WILLIAM H. ORRICK**<br><br>**PLAINTIFF'S MEMORANDUM OF LAW ON JURISDICTION** |

**PLAINTIFF'S MEMORANDUM OF LAW
 ON JURISDICTION**

Pursuant to the Court's November 18, 2025 Order (ECF No. 12), Helping Hands for Dignity Coalition ("Plaintiff") submits this Memorandum of Law addressing jurisdiction and stating Plaintiff's preference if the court concludes jurisdiction is lacking.

## I.  THE COURT HAS SUBJECT-MATTER JURISDICTION

This action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. Federal question jurisdiction therefore exists under 28 U.S.C. § 1331, and jurisdiction over copyright claims exists independently under 28 U.S.C. § 1338(a). No party has disputed subject-matter jurisdiction, and there is no basis to conclude that the Court lacks it. (ECF No. 11).

## II.  DEFENDANT WAIVED ANY PERSONAL JURISDICTION DEFENSE

Personal jurisdiction is a waivable right. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703–05 (1982). Under Rule 12(h)(1), a defendant must raise lack of personal jurisdiction in a Rule 12(b)(2) motion or in the first responsive pleading. Failure to do so results in waiver. The Ninth Circuit has made it clear that a party waives any objection to personal jurisdiction if it fails to raise it in its first responsive pleading. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998).

Defendant filed an Answer on October 10, 2025 (ECF No. 8). He did not challenge personal jurisdiction. He instead asserted affirmative defenses and proceeded to participate in the preparation and filing of a Joint Case Management Statement (ECF No. 10). Under *Insurance Corp. of Ireland* and *Peterson*, Defendant's personal jurisdiction defense is waived and the Court has personal jurisdiction over Defendant.

## III.  VENUE WAS PROPER IN THIS DISTRICT AT THE TIME OF FILING

Venue is governed by 28 U.S.C. § 1391. At the time the Complaint was filed, Plaintiff had no information establishing Defendant's domicile in any particular judicial district. Defendant provided YouTube with a Florida address that was not habitable and had burned down more than a year earlier. (Newman Decl. ¶¶ 2-14). Because a burned residence and abandoned lot cannot establish domicile, Plaintiff could not rely on §

1391(b)(1). *See* definition of residence in § 1391(c)(1) (natural person "resides" only where domiciled).

With § 1391(b)(1) unavailable, Plaintiff relied on § 1391(b)(2) and (b)(3). The Counter-Notices were submitted to and processed by YouTube in the Northern District of California, which constitutes a "substantial part of the events" for venue purposes. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (venue proper where "a substantial part" of events occurred). Defendant expressly agreed in the Joint Case Management Statement that a substantial part of the events occurred in this District. (ECF No. 10).

Moreover, even if the Court were to conclude that § 1391(b)(2) is not satisfied, § 1391(b)(3) applies when no district clearly satisfies subsections (b)(1) or (b)(2). Because Plaintiff could not identify any district in which Defendant was domiciled, and because Defendant was subject to personal jurisdiction in this District (and has waived the objection to personal jurisdiction), venue was proper in this District under § 1391(b)(3) at the time this action was commenced.

## IV. EVEN IF VENUE WERE IMPROPER, IT HAS BEEN WAIVED AND THE COURT'S JURISDICTION IS NOT IMPAIRED

Venue objections, like personal jurisdiction objections, must be raised in a Rule 12(b)(3) motion or in the first responsive pleading. Fed. R. Civ. P. 12(h)(1). Defendant did not raise improper venue in his Answer, and the objection is therefore waived. (ECF No. 10). Additionally, Defendant expressly consented to venue in the Joint Case Management Statement filed on November 12, 2025. ("[t]he parties further agree that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)…as a substantial portion of the events giving rise to the claims occurred here and the relevant conduct was directed toward this District through the use of YouTube's U.S-based server and DMCA processes.") (ECF No. 10, p. 2:9-12).

The Ninth Circuit is unequivocal: § 1391's venue requirements are "not a qualification upon the power of the court to adjudicate, but [rather] a limitation designed

for convenience of litigants, and, as such may be waived by them." *Costlow v. Weeks*, 790 F.2d 1486, 1487-88 (9th Cir. 1986) (internal citations omitted). A defendant must object to venue by motion or in his answer or his objection to venue is waived. *Id.* at 1488.

Therefore, even assuming venue was initially lacking, 28 U.S.C. § 1406(b) prevents dismissal or transfer for improper venue if the objection has been forfeited. 28 U.S.C. 1406(b) states that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."

Here, Defendant not only waived venue by answering without raising it but subsequently affirmed in the Joint Case Management Statement that venue is proper in this District. Thus, even if venue had been imperfect at filing, the defense is irrevocably waived and the Court's jurisdiction is not impaired.

## V. THE DMCA COUNTER-NOTICES DO NOT CREATE EXCLUSIVE VENUE, AND DEFENDANT CANNOT INVOKE IT AFTER PROVIDING A FRAUDULENT ADDRESS

Section 512(g)(3)(D) requires only that the counter-notifying party state: "I consent to the jurisdiction of the Federal District Court for the judicial district in which my address is located." The statute does not state that suit must be filed in that district, nor that venue is exclusive, nor that 28 U.S.C. § 1391 is displaced in any way. Nothing in § 512(g) purports to override the general venue statute, to restrict venue to a single district, or to alter the rule that personal jurisdiction and venue objections are waived if not timely raised. Fed. R. Civ. P. 12(h)(1); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

The purpose of § 512(g)(3)(D) is to ensure that the alleged infringer cannot evade jurisdiction entirely by refusing to designate a forum. It is a minimum-consent requirement, not an exclusive venue mandate. If Congress intended to override § 1391 or restrict venue to a single district, it would have said so expressly. It did not.

Even if § 512(g)(3)(D) did have venue implications, Defendant cannot rely on it because he provided a false address. Plaintiff investigated the address listed in the Counter-Notices and confirmed the structure had burned down more than a year earlier and was

4

PLAINTIFF'S MEMORANDUM OF LAW
ON JURISDICTION

uninhabitable. (Newman Decl. ¶¶ 2-14). Defendant cannot manufacture a preferred venue by supplying an address where he did not reside, particularly when he subsequently answered without raising any venue objection and expressly agreed to venue in this District in the Joint Case Management Statement. Fed. R. Civ. P. 12(h)(1). Having provided an incorrect address and having waived any venue challenge, neither the Court nor the Defendant cannot invoke § 512(g)(3)(D) to restrict or dictate venue now. *See Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986) (district court may not raise issue of improper venue sua sponte where defendants have waived their objection to venue).

## VI. IF THE COURT NONTHELESS FINDS JURISDICTION LACKING, PLAINTIFF REQUESTS DISMISSAL RATHER THAN TRANSFER

If the Court were to conclude, despite Defendant's waiver under Rule 12(h)(1), his express agreement in the Joint Case Management Statement and the explicit language of 28 U.S.C. 1406(b) that the Court is not divested of jurisdiction, transfer under 28 U.S.C. § 1406(a) is not an option because there is no district in which this action "could have been brought" at the time it was filed. Section 1406(a) authorizes transfer only where the transferee district was a proper venue at commencement, and no such district can be identified on this record.

Moreover, even if venue were somehow defective, 28 U.S.C. § 1406(b) independently preserves the Court's authority to adjudicate this case because Defendant failed to raise any timely objection (and expressly agreed to venue in the Joint Statement) and therefore waived all venue and personal-jurisdiction defenses.

Florida cannot serve as an appropriate transferee forum. A destroyed residence cannot support domicile, and a fraudulent address cannot establish venue in any of Florida's three federal districts. At the time Plaintiff filed this action, Plaintiff had no information identifying Defendant's actual address, and to this day Plaintiff still does not know where in Florida Defendant resides or which federal judicial district encompasses his domicile. Service at Defendant's place of employment in Wakulla County, after the Complaint was filed, does not cure this defect. Workplace service does not establish

domicile, and venue is determined as of the filing date. Because Plaintiff could not determine which Florida district might be proper under § 1391(b)(1) or § 1391(b)(2), Florida is not a district where the case "could have been brought" within the meaning of § 1406(a).

Colorado is equally improper as a transferee district. Although Plaintiff is incorporated in Colorado, venue is not determined by Plaintiff's residence. There is no indication that Defendant resides in Colorado, engaged in any conduct there, or has sufficient contacts with Colorado to support personal jurisdiction. Without personal jurisdiction over Defendant, Colorado is not a district where the action could have been filed under § 1391(b)(1), (b)(2), or (b)(3). Nothing in the record links Defendant to Colorado in any way.

Because no judicial district in Florida satisfied § 1391(b)(1) or (b)(2) at the time of filing, and because there is no indication that Defendant was subject to personal jurisdiction in Colorado, there is no statutorily proper transferee district under § 1406(a). Transfer requires an actual, ascertainable district where the case could originally have been initiated. Here, none exists on the current record.

As stated above, even if the Court believed that venue was improper when the action was filed, § 1406(b) independently cures the problem because Defendant filed an Answer without raising any objection to venue and then affirmatively agreed in the Joint Case Management Statement that venue is proper in this District. Under § 1406(b), that waiver preserves the Court's ability to adjudicate the case regardless of any alleged defects. Once a defendant fails to object, the Court's jurisdiction is not merely unaffected, it is statutorily protected.

Accordingly, if the Court nevertheless determines that it lacks jurisdiction, despite Defendant's waiver and his binding failure to object under § 1406(b), Plaintiff respectfully requests dismissal rather than transfer. Dismissal will preserve Plaintiff's ability to obtain appellate review in the Ninth Circuit and avoid transferring this matter to a district that could not have been identified as proper at the time of filing.

Dated: November 25, 2025

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Helping Hands for Dignity Coalition*

**PLAINTIFF'S MEMORANDUM OF LAW
ON JURISDICTION**