Steven C. Vondran, [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
620 Newport Center Drive, Suite 1100
Newport Beach, California 92660
Telephone: (877) 276-5084
steve@vondranlegal.com

Attorney for Defendants ANTHONY GURKA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELPING HANDS FOR DIGNITY COALITION, a Colorado non-profit corporation,<br><br>   Plaintiff,<br><br>   vs.<br><br>ANTHONY GURKA<br><br>   Defendant. | No. 25-cv-06750-WHO<br><br>**DEFENDANT'S OPPOSITOIN TO PERSONAL JURISDICTION AND VENUE** |

**DEFENDANT'S JURISDICTIONAL BRIEF**

**I. INTRODUCTION**

Defendant respectfully submits this Jurisdictional opposition brief pursuant to the Court's Order requesting supplemental briefing on whether the Court may exercise personal jurisdiction over Defendant. Although Defendant consented to jurisdiction in this District when filing his Answer, the Court correctly recognized that personal jurisdiction requires an independent due process analysis that cannot be established by waiver or convenience alone. See *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999) (personal jurisdiction is a "fundamental requirement" that must be satisfied regardless of the parties' preferences).

As set forth below, Plaintiff has failed to identify any constitutionally sufficient basis for exercising personal jurisdiction over a Florida resident whose only alleged conduct was submitting DMCA counter-notices to YouTube—conduct directed to a nationwide platform, not to California. The Court lacks personal jurisdiction under any recognized theory, and the case must be dismissed. Defendant himself recognized that there was no legal precedent for this novel legal theory, and none has been provided in their brief.

## II. PERSONAL JURISDICTION REQUIRES MINIMUM CONTACTS WITH CALIFORNIA

Due process requires that a defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Ninth Circuit recognizes two forms of personal jurisdiction: general and specific. Neither exists here.

### A. No General Jurisdiction

General jurisdiction exists only when a defendant's contacts with the forum are so "continuous and systematic" that the defendant is essentially "at home" in the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014). Defendant is a Florida resident with no California presence. Plaintiff does not contend otherwise.

### B. No Specific Jurisdiction

Specific jurisdiction requires:

(1) purposeful availment or purposeful direction toward the forum.

(2) claims arising out of those contacts; and

(3) that jurisdiction comports with fair play and substantial justice.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Plaintiff cannot satisfy the first element—purposeful direction.

## III. SUBMISSION OF A DMCA COUNTER-NOTICE TO YOUTUBE IS NOT PURPOSEFUL DIRECTION AT CALIFORNIA

### A. DMCA Notices Directed to a National Platform Do Not Target California

YouTube is a global service. Its DMCA process is not "California-directed" conduct merely because Google maintains servers or an office in this District. Courts repeatedly hold that interacting with a nationwide platform does not constitute purposeful availment of the forum state. See *Mavrix Photo, Inc. v. Brand Techs., Inc*., 647 F.3d 1218, 1227 (9th Cir. 2011) (mere use of a service accessible in forum does not establish jurisdiction). Submitting a DMCA counter-notice is conduct directed to Google LLC—not to California. There is no allegation that Defendant targeted California residents, California markets, or California interests. The Ninth Circuit rejects jurisdiction based solely on server location. See *Holland Am. Line v. Wärtsilä N. Am.*, 485 F.3d 450, 460 (9th Cir. 2007).

### B. The "Effects Test" Under Calder Is Not Met

To establish purposeful direction, *Calder v. Jones* requires: (1) intentional conduct, (2) expressly aimed at the forum, and (3) causing harm the defendant knows is likely to be suffered in the forum. See *Calder v. Jones*, 465 U.S. 783 (1984).

HERE, Plaintiff cannot satisfy prongs (2) or (3).

Submitting a DMCA counter-notice is not "expressly aimed" at California. Defendant had no reason to believe Plaintiff—a Colorado nonprofit—would suffer harm in California.

## IV. PLAINTIFF'S "FAKE ADDRESS" THEORY DOES NOT CREATE PERSONAL JURISDICTION.

Plaintiff argues that because Defendant allegedly provided an inaccurate address in the DMCA counter-notice, he should be "treated like a foreign corporation" for jurisdictional purposes. The argument fails for several reasons:

3

DEFENDANT'S OPPOSITION TO EXERCISE OF JURISDICTION

1. No statute or case law supports converting a domestic defendant into a "foreign corporation" to manufacture jurisdiction. Plaintiff cites no legal precedent. Plaintiff lives in Florida and is happy to provide his current address to counsel. The wrong address was given because Plaintiff's client is known to DOXX people he does not like online (which involves posting their private information so they can be subject to unwanted harassment).

2. Personal jurisdiction may not be established through judicial sanction or fiction. See *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 702 (1982) (jurisdiction requires **constitutionally valid basis**; sanctions cannot replace minimum contacts unless expressly tied to discovery abuse—not present here).

3. There is no authority that supports the novel legal theory that an inaccurate DMCA address constitutes purposeful availment of California.

**V. CONSENT BY DEFENDANT DOES NOT ELIMINATE THE COURT'S DUTY TO ENSURE DUE PROCESS IS MET**

Although Defendant, for convenience, filed an Answer consenting to jurisdiction, the Court properly recognized that personal jurisdiction cannot rest solely on the parties' agreement. Courts must independently verify a constitutional basis for jurisdiction. As the Supreme Court held, "the requirement that jurisdiction be established as a threshold matter is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

Thus, Defendant's consent does not create minimum contacts that do not exist.

**VI. THE DMCA'S CONSENT PROVISION DOES NOT CREATE JURISDICTION IN CALIFORNIA**

The DMCA counter-notice statute requires the counter-notifying party to consent to jurisdiction in "the Federal District Court for the judicial **district in which the address provided is located**." 17 U.S.C. § 512(g)(3)(D).

Nothing in the statute:

• creates jurisdiction in California.

• creates jurisdiction where Defendant does not reside; or

• establishes jurisdiction as a sanction for an incorrect address.

Federal courts strictly construe jurisdictional consent. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985). No court has held that DMCA process alone establishes personal jurisdiction.

## VII. PLAINTIFF HAS NOT SHOWN THE CLAIMS ARISE FROM CALIFORNIA CONTACTS

Even if the DMCA counter-notice were a contact, Plaintiff's claim does not "arise out of" any California conduct. The counter-notice was sent from Florida. Plaintiff is in Colorado. The alleged injury occurred everywhere except California.

## VIII. EXERCISING JURISDICTION WOULD BE UNREASONABLE

Even if minimum contacts existed (they do not), jurisdiction may still be unreasonable under the multi-factor test in *Asahi Metal Indus. v. Superior Court*, 480 U.S. 102, 113–14 (1987). Litigating a Colorado-Florida dispute in California is inefficient and burdensome. This factor strongly favors dismissal.

## IX. CONCLUSION

Plaintiff has identified no California-directed conduct by Defendant, no specific consent to California, and no sufficient minimum contacts, and no legally cognizable basis for asserting jurisdiction. They only ask this court to make new law based on a novel legal theory without precedent to support their theory. Because constitutional due process is not satisfied, the Court lacks personal jurisdiction, and dismissal of this action is required.

Respectfully submitted,

Dated: December 3, 2025,    THE LAW OFFICES OF STEVEN C. VONDRAN

                                                   ___/s/ Steve Vondran_____
Steven C. Vondran, [SBN 232337]
620 Newport Center Drive, Suite 1100
Newport Beach, California 92660
Telephone: (877) 276-5084
Attorney for Defendant ANTHONY GURKA

DEFENDANT'S OPPOSITION TO EXERCISE OF JURISDICTION

# PROOF OF SERVICE

I declare as follows:

I am employed with The Law Offices of Steven C. Vondran P.C., whose address is *620 Newport Center Drive, Suite 1100, Newport Beach, CA 92660*. I am over the age of eighteen years and am not a party to this action.

On December 3, 2025, I served the foregoing document described as follows:

### DEFENDANTS JURISDICTIONAL OPPOSITION BRIEF

on the interested parties in this action by:

____ **U.S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, for each address named below or on the attached service list for collection and mailing on the below indicated day following the ordinary business practices at The Law Offices of Steven C. Vondran. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

____ **OVERNIGHT MAIL**: I sent a copy of the attached document via overnight mail to the address set forth below.

____ **HAND DELIVERY**: I placed a copy in a separate envelope addressed to each addressee as indicated below and delivered it to _____ for personal service.

____ **FACSIMILE**: I sent a copy via facsimile transmission to the fax number(s) indicated below. The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

__X__   **EMAIL:** I sent a copy of the above referenced document by email to the following:

**SERVICE LIST**

Randall S. Newman, Esq.
99 Wall Street, Suite 3727
New York, NY 10005
Phone (212) 797-3735
rsn@randallnewman.net

_____   **ELECTRONIC FILING:** I filed the above-described document(s) electronically through the Court's ECF filing system to all registered users.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 3, 2025, Flagstaff, Arizona.

　　　　　　　　　　　　　　　　　　_/s/_ Lisa Vondran_____
　　　　　　　　　　　　　　　　　　Lisa Vondran, legal assistant

DEFENDANT'S OPPOSITION TO EXERCISE OF JURISDICTION