UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELPING HANDS FOR DIGNITY COALITION,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY GURKA,<br><br>Defendant. | Case No. 25-cv-06750-WHO<br><br>**ORDER REGARDING PERSONAL JURISDICTION** |

At the Case Management Conference on November 18, 2025, I told the parties that I did not see how this court has jurisdiction: plaintiff is a Colorado corporation, defendant is a resident of Florida, and the only contact with California is that third party YouTube processed takedown notices here. Dkt. No. 12. I ordered that each side submit a five-page brief explaining their jurisdictional theories. The parties have done so. Dkt. Nos. 13, 14.

Putting aside the question of whether venue was proper in this District given the DMCA notices and counternotices submitted to YouTube, Inc. (which is located in this District), plaintiff has argued that defendant waived its jurisdictional argument by filing an Answer. In that Answer, defendant *denied* that personal jurisdiction could be exercised by this Court. *Compare* Complaint ¶ 13 (asserting Court has personal jurisdiction over defendant given alleged purposeful direction of conduct to California) *with* Answer ¶ 13 ("Deny, Defendant lives in Florida and has no minimum contacts with California."). That is sufficient, as long as defendant promptly moves to dismiss for lack of personal jurisdiction. *See, e.g., Lechoslaw v. Bank of Am., N.A.*, 618 F.3d 49,

56 (1st Cir. 2010) (no waiver where defendant "chose to file an answer, its first responsive pleading in this case, before it filed a Rule 12 motion. There is nothing the matter with [defendant's] chosen order of filings given that its answer included the personal jurisdiction defense.").[1]

If defendant wishes to contest personal jurisdiction, within twenty (20) days of the date of this Order, he shall file a motion to dismiss back on lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: December 11, 2025



William H. Orrick
United States District Judge

---

[1] *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998), as amended on denial of reh'g and reh'g en banc (June 15, 1998) and relied on by plaintiff, does not establish that a defendant waives the ability to challenge to personal jurisdiction when the defense in asserted in an answer.  Instead, that case held only that "the minimum requirements of Rule 12 are satisfied when a defendant raises the issue of personal jurisdiction in a timely motion to dismiss." Nonetheless, to extinguish any doubt, I GRANT defendant the permission to file a motion under Rule 12, but only to contest personal jurisdiction.