RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Helping Hands for Dignity Coalition*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELPING HANDS FOR DIGNITY COALITION, a Colorado non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY GURKA,<br><br>　　　　　Defendant. | Case No. 25-cv-06750-WHO<br><br>**HON. WILLIAM H. ORRICK**<br><br>**PLAINTIFF'S SUPPLEMENTAL RESPONSE REGARDING PERSONAL JURISDICTION AND TRANSFER** |

1

**PLAINTIFF'S    SUPPLEMENTAL    RESPONSE REGARDING   PERSONAL   JURISDICTION   AND TRANSFER**

Pursuant to the Court's November 18, 2025 and December 11, 2025 Orders (ECF Nos. 12, 15), Helping Hands for Dignity Coalition ("Plaintiff") submits this Supplemental Response Regarding Personal Jurisdiction and Transfer.

At the Initial Case Management Conference, the Court questioned whether it had "jurisdiction" over this action and subsequently ordered briefing on that issue. Based on the Court's comments at the conference and its initial order, Plaintiff understood the Court's concern to relate to venue and addressed that issue in its memorandum (ECF No. 13). At that time, it was not apparent that Defendant intended to contest personal jurisdiction in this District, particularly in light of the parties' Joint Case Management Statement (ECF No. 10).

Defendant subsequently clarified, in its opposition (ECF No. 14), that it intends to challenge personal jurisdiction. The Court has now ordered Defendant to file a motion if it believes personal jurisdiction is lacking. (ECF No. 15).

In light of that development, Plaintiff respectfully requests that this action be transferred to the Northern District of Florida (Tallahassee Division) pursuant to 28 U.S.C. § 1631, rather than litigating a threshold personal-jurisdiction issue that would not resolve the dispute. Defendant apparently resides in the Tallahassee area, which lies within the Northern District of Florida, and personal jurisdiction would be undisputed in that forum. Plaintiff makes this request without conceding that personal jurisdiction is lacking in this District, and solely to promote judicial efficiency and avoid unnecessary motion practice. Defendant has declined to stipulate to transfer and instead proposes dismissal and refiling, which would require Plaintiff to incur a new filing fee and new service costs to litigate the identical action in another district. Transfer avoids that unnecessary expense and delay.

This action was brought, in part, under the DMCA prevent the continued availability of infringing videos during the pendency of the dispute. Dismissal on personal-jurisdiction grounds would prejudice Plaintiff by permitting the videos to be restored while the identical action is refiled in another district, whereas transfer would allow the case to proceed

2
**PLAINTIFF'S SUPPLEMENTAL RESPONSE REGARDING PERSONAL JURISDICTION AND TRANSFER**

without interruption. Transfer therefore better serves the interests of justice by preserving the status quo.

Transfer would further serve the interests of justice by conserving judicial and party resources and eliminating the need for dismissal and refiling of the same action in a different district. Plaintiff therefore requests transfer now, without the need for briefing on personal jurisdiction in this District, to the Northern District of Florida, where Defendant resides and where personal jurisdiction would be undisputed.

Plaintiff submits this supplemental response solely to state its position regarding transfer in light of Defendant's newly asserted personal-jurisdiction challenge and the procedural posture of the case and does not seek an adjudication of personal jurisdiction by this Court.

Dated: December 16, 2025

/s/ Randall S. Newman
Randall S. Newman, Esq. (SBN 190547)
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
*Helping Hands for Dignity Coalition*